## THE PEOPLE, Etc., Respondents, v. SAMUEL GARNS, Appellant.

1. AFFIDAVIT FOR CONTINUANCE IN CRIMINAL CASE.—An affidavit for a continuance which shows that a witness for defendant had left the Territory, but that the defendant after his arraignment and plea had seen such witness prior to his departure from the Territory, and failed to serve a subpœna, does not show sufficient diligence.

2. AFFIDAVIT FOR CONTINUANCE IN CRIMINAL CASE.—An affidavit for a continuance should show that the absent witness was the only one by whom defendant could prove the facts required.

3. AFFIDAVIT FOR CONTINUANCE IN CRIMINAL CASE.—An affidavit for continuance which shows that a subpœna was issued but not served, should also show when such subpœna was issued.

4. POSSESSION OF STOLEN PROPERTY.—The possession of personal property recently stolen, and the possession of which is not explained, is a circumstance which the jury can consider in connection with other circumstances indicative of guilt, in arriving at their verdict.

Appeal from the Third Judicial District Court.
The facts appear in the opinion.

*H. F. Williams*, for appellant.
*Tilford & Hagan*, of counsel.

The facts set forth in these affidavits were sufficient to entitle the defendant to a continuance. *People* v. *McCrory*, 41 Cal. 458; *People* v. *Brown*, 46 Cal. 102; *People* v. *Vermilyea*, 7 Cow. (N. Y.) 383.

When there is no evidence of taking, leading, or driving away, as charged in the first count of the indictment, a new trial should be awarded and verdict set aside, the mere possession of stolen property not being sufficient to convict. *People* v. *Ah-Ki*, 20 Cal. 178; *People* v. *Chambers*, 18 Cal. 383; *Jones* v. *The State*, 1 Morris' State Cases, 858; *People* v. *Antonio*, 27 Cal. 404.

*P. T. VanZile*, United States District Attorney, for the people.

No brief on file.

BOREMAN, J., delivered the opinion of the court:

The defendant (appellant) was indicted upon two kindred charges, embraced in one indictment, to-wit: (1) Stealing a steer and (2) receiving said property knowing it to be stolen. He was found guilty upon the first charge, and having made his motion for a new trial, and it being overruled, he appealed to this court from both the judgment and the order overruling his motion for a new trial.

The first error assigned by the appellant is the order overruling the motion for a continuance. The application for continuance was made upon the ground of the absence of an alleged material witness, one Alfred Francis. The witness was a resident of the Territory, and had promised the defendant that he would be at the trial, but had gone to Wyoming Territory on business, and to be absent but a short while. The defendant, after his arraignment and after the court had assigned him counsel, had gone to see said Francis, but did not take a subpœna nor have one served upon Francis. Upon application to the court, if defendant was unable to pay for the service of the subpœna, the court would have ordered its service by the proper officer. This is not like the case of a person whose witness is resident outside of the Territory, and who had promised to come into the jurisdiction of the court and attend there but failed.

But the affidavit does not show that Francis was the only witness by whom he expected to or could prove the purchase of the property. He says that there were two other witnesses present at the purchase, and by whom the same facts could be proved, and that Francis promised to have these witnesses brought to the trial. It would seem strange that he, upon his interview with Francis, after the arraignment, should neglect to obtain the names of these two witnesses and have them sub-

pœned. His conduct was negligent and inexcusable upon the showing as made.

The party from whom the purchase of the property was alleged to have been made was another valuable witness for the defendant, and the one who could certainly give the most satisfactory account of the purchase. The affidavit does not disclose the fact that the testimony of this party could not have been procured for the trial.

The fact that a subpœna was issued at some time for Francis and returned not found, cannot avail the defendant, for it does not appear when the subpœna was issued, and the affidavit shows that there was a time when it could have been issued and served.

The action of the court, therefore, in refusing a continuance of the cause to the next following term was not error; and the subsequent evidence upon the trial, on the very day of the application for a continuance, shows that the defendant was not harmed by the denial of his application. The fact was developed upon the trial that two witnesses were present, and testified on behalf of the defense that they were present at the alleged sale, and they gave in evidence the particulars of the purchase and sale. They gave in evidence the very facts which defendant said he expected to prove by Francis, and hence the testimony of Francis would have been merely cumulative, or "corroborative," as defendant calls it in his affidavit for a continuance.

The appellant urges as error that there was no evidence to warrant the verdict; the mere possession of stolen property is not sufficient to convict, and that is the only evidence of guilt shown in this case. The possession of personal property recently stolen, and the possession of which is not explained, is a circumstance which the jury can consider in connection with other circumstances indicative of guilt, in arriving at their verdicts. In this case we do not deem the possession the only suspicious circumstance; there was a variety of them which it is not necessary to detail. The effort at explanation

by the defendant was really nothing whatever worthy of that name. The jury no doubt concluded that no man could be acting honestly if he should claim to have bought property out on the prairie or desert from a total stranger, and not taken a bill of sale, nor even asked the name of the party from whom he was purchasing, nor the names of important witnesses present, especially when the property had unvented brands upon it, and a metal brand hanging in one ear, marked with the owner's name and residence, and that residence not far distant. •

The other points raised by defendant were immaterial.

The judgment of the court below is affirmed.

SCHAEFFER, C. J., and EMERSON, J., concurred.